IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON REID WAGNER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DR. FLINN, DR. MORGAN, DR. CUNARD, and DR. DAMENE,<br><br>　　　　　Defendants. | 8:23CV361<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Brandon Reid Wagner ("Wagner" or "Plaintiff") filed a Complaint on August 14, 2023. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Wagner's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

At the time he filed his Complaint, Wagner was a prisoner under the custody of the Nebraska Department of Correctional Services ("NDCS") and confined in the Tecumseh State Correctional Institution ("TSCI"). Filing No. 1 at 2. Wagner was later transferred to the Work Ethic Camp ("WEC") in McCook, Nebraska, Filing No. 13, and then subsequently released from NDCS custody as of November 22, 2024, Filing No. 16. Wagner filed his Complaint pursuant to 42 U.S.C. § 1983 seeking damages from four NDCS medical staff—Dr. Sherry Flinn ("Dr. Flinn"), Dr. Morgan, Dr. Cunard, and Dr. Damene—in their individual capacities for "negligence, due process [violations,] cruel and unusual punishment, [and] deliberate indifference." Filing No. 1 at 2–3 (capitalization altered).

Wagner alleges he was shot on December 6, 2020, while outside of any NDCS institution, and had surgery at Bryan West. *Id*. at 4. Though unclear, the Court assumes the December 6, 2020, injury is related to his following complaints about the medical care he received within the NDCS. Dr. Cunard, a doctor at the Diagnostic and Evaluation Center ("DEC"), performed x-rays on Wagner on August 26, 2021, which revealed a hernia. *Id*. at 6. However, Wagner did not have surgery to repair the hernia until March 19, 2023, at which time doctors "found [a] multitude of hernias." *Id*. at 7 (spelling corrected). Additionally, Dr. Morgan, a doctor at the Omaha Correctional Center ("OCC"), ordered a CT scan for Wagner on March 10, 2022, and told Wagner on March 30, 2022, "that surgery was not an option" for his hernia. *Id*. at 6. Despite Dr. Morgan saying that "nothing more will or could be done," Wagner had surgery on March 19, 2023. *Id*. Wagner also alleges that "Dr. Flinn in a IIR form refused to give me medical treatment." *Id*.

Wagner alleges he had "[b]een dealing with abdomen pain and lower hip and back pain from 6-8-20, [it] took 3 years to get some help," and, after his surgery, "they told [him] it took four extra hours to repair the damage. They new [sic] how bad it was and choose [sic] to let it get worse." *Id*. at 7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

A.  **No Allegations Against Dr. Damene**

Wagner names Dr. Damene as a defendant in this action and alleges only that he is a doctor at TSCI.  "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).  A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 556 U.S. at 676.  Here, Wagner makes no allegations against Dr. Damene in the body of his Complaint nor does he allege that Dr. Damene was personally involved in the alleged constitutional violations.  As a result, Wagner has failed to state a claim upon which relief can be granted against Dr. Damene.  *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

B.  **Eighth Amendment Deliberate Indifference Claims**

Liberally construed, Wagner alleges Dr. Cunard, Dr. Morgan, and Dr. Flinn were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)).  Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan*

4

*v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question 'is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (internal quotation omitted)). Establishing the subjective component of a deliberate indifference claim requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

1. Dr. Flinn

Wagner's allegations against Dr. Flinn consist entirely of the following sentence: "Dr. Flinn in a[n] IIR form refused to give me medical treatment." Filing No. 1 at 6. Wagner's vague assertion, however, fails to state a plausible Eighth Amendment claim against Dr. Flinn. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). To allege a plausible claim for relief, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing

Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Wagner's lone statement that Dr. Flinn denied him unspecified medical treatment on one occasion fails to set forth any facts that suggest Dr. Flinn knew about and deliberately disregarded any objectively serious medical need. As such, Wagner's claim against Dr. Flinn will be dismissed.

2. Dr. Cunard and Dr. Morgan

Liberally construed, Wagner alleges Dr. Cunard and Dr. Morgan knew about Wagner's hernia as of August 26, 2021, and March 10, 2022, respectively, after performing x-rays and a CT scan, but they delayed surgery to repair the hernia until March 2023, "choos[ing] to let it get worse" and resulting in a "multitude of hernias" that "took four extra hours to repair." Filing No. 1 at 7 (spelling corrected). Wagner's assertion "that he had a hernia that required surgery. . . . is sufficient to demonstrate a serious medical need." Woods v. Annesser, No. 1:23-CV-00021-SRW, 2023 WL 3816660, at *12 (E.D. Mo. June 2, 2023), appeal dismissed, No. 23-2575, 2023 WL 9062958 (8th Cir. Oct. 5, 2023); see also Edmonds v. Meyer, 842 F. App'x 13, 14 (8th Cir. 2021) ("[Plaintiff's] inguinal hernia is an objectively serious medical need . . . .").

At this early pleading stage, the Court also concludes that Wagner's allegations, given their most liberal construction, are sufficient to allege a colorable claim of deliberate indifference to his medical needs against Dr. Cunard and Dr. Morgan in their individual capacities based on their knowledge of the severity of Wagner's hernia and the delay in Wagner receiving surgery to repair it. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)

(The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed."); *see also* Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim." (quotations omitted)). As the Eighth Circuit remarked in concluding a prisoner plaintiff stated an Eighth Amendment claim against prison medical staff regarding failure to properly treat his inguinal hernia,

> At the pleading stage, where the defendants have not been served and the parties have not had the opportunity to conduct discovery, it is unknown whether the alleged failures of the medical defendants—not conducting a proper examination, prescribing only ibuprofen and a truss, ignoring his complaints that the truss and ibuprofen were not relieving his severe pain, and not referring him for surgery for a year—rose to the level of criminal recklessness, or whether any delay had an adverse effect. *See* Jackson v. Riebold, 815 F.3d 1114, 1119-20 (8th Cir. 2016) (explaining that when deliberate indifference claim is based on treatment delay, inmate must offer verifying medical evidence showing detrimental effect of delay); Topchian, 760 F.3d at 848 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (cleaned up)); McRaven v. Sanders, 577 F.3d 974, 979, 983 (8th Cir. 2009) (noting that "[a]lthough medical negligence does not violate" the Eighth Amendment—which proscribes "unnecessary and wanton infliction of pain"—"medical treatment may so deviate from the applicable standard of care as to evidence . . . deliberate indifference" (cleaned up)).

Edmonds, 842 F. App'x at 14.

Accordingly, this matter will be permitted to proceed to service of process against Dr. Cunard and Dr. Morgan in their individual capacities. However, the Court cautions Wagner that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Wagner's claims or potential defenses thereto.

7

### IV.  OTHER PENDING MOTIONS

### A.  Motion to Amend

On March 25, 2024, Wagner submitted correspondence which the Court construes as a motion to amend his Complaint. Filing No. 14. In the motion, Wagner states he was transferred to the WEC on December 7, 2023, and was "having a lot of trouble with [his] back and left leg." Id. at 1. A doctor at WEC sent Wagner to physical therapy ("PT"), but the PT doctor told Wagner he needed to see a specialist for nerve problems. Wagner states the WEC doctor and NDCS Central Office refused to send Wagner to a specialist, and Wagner submitted grievances to be allowed to see a nerve doctor to no avail and was told that "if [he] could afford it [he] could see [his] own Doctor and have surgery," which Wagner does not have the means to do. Id. at 1–2. Wagner asks to amend this information to the present suit.

Rule 15 of the Federal Rules of Civil Procedure provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Pursuant to the Court's local rules, "[a] party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). To the extent Wagner seeks leave to file an amended complaint, he did not comply with NECivR 15.1(a).

More importantly, by all appearances, the claims Wagner seeks to amend to his Complaint bear no connection to his claims against the Defendants named in the Complaint and are wholly unrelated to the events described in the Complaint. While a plaintiff may join in one action as many claims as he has against a single defendant, see Fed. R. Civ. P. 18(a), "[i]n actions where more than one defendant is named, such as the

8

one at bar, the analysis under Rule 20 precedes that under Rule 18." *Houston v. Shoemaker*, No. 2:16-CV-36-CDP, 2017 WL 35699, at *2 (E.D. Mo. Jan. 4, 2017). Rule 20 provides in part: "Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Thus, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action *only if* plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1655 (3d ed.) (emphasis added). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Here, Wagner's proposed claims regarding his inability to see a nerve specialist at the WEC do not arise out of the same transaction or occurrence as his claims against Dr. Cunard and Dr. Morgan regarding the delay in treating his hernia, nor do his proposed claims in his motion to amend present questions of law or fact common to all Defendants named in his Complaint as required by Rule 20.

"Unrelated claims involving different defendants belong in different suits." *Carr v. True*, No. 8:21CV117, 2021 WL 3128691, at *3 (D. Neb. July 23, 2021) (citing *George v. Smith*, 507 F.3d 605, 607 (9th Cir. 2007) (holding that state prisoner's § 1983 action asserting 50 claims against 24 defendants should have been brought as separate actions, since defendants did not participate in the same transaction or series of transactions, and

9

question of fact was not common to all defendants)).  Accordingly, Wagner's motion to amend is denied.  If Wagner wishes to pursue the unrelated claims identified in his motion to amend, then he must file a separate civil action against the government-official defendants involved.

**B.  Motion for Status and Summons**

On September 16, 2024, Wagner filed a motion asking about the status of his case and for the appropriate forms to serve Defendants.  Filing No. 15.  Upon consideration, Wagner's motion is granted consistent with this Memorandum and Order, which serves to advise Wagner of the status of his case.  This matter will be allowed to proceed to service of process, *but only after* the Court determines whether Wagner may continue to proceed in forma pauperis ("IFP"), i.e. without paying the filing fees, in this case now that he has been released from incarceration as set forth below.

## V.  NEW IFP MOTION OR FILING FEE PAYMENT REQUIRED

As the Court indicated above, Wagner filed his Complaint in this matter on August 14, 2023, while he was incarcerated.  The Court granted him leave to proceed in forma pauperis on August 25, 2023, also while he was incarcerated.  Wagner filed a change of address on November 22, 2024, indicating that he is no longer incarcerated.  *See* Filing No. 16.

Since Wagner is no longer incarcerated, he must now file a new application for leave to proceed in forma pauperis if he wishes to continue pursuing this case in forma pauperis.   Wagner may, in the alternative, pay the Court's $405.00 filing and

administrative fees.[1]  This case will not progress further until Wagner complies with this order.

### VI.  CONCLUSION

Upon initial review of the Complaint, the Court determines that Wagner has stated an Eighth Amendment deliberate indifference claim against Dr. Cunard and Dr. Morgan upon which relief may be granted.  However, the Complaint fails to state plausible claims for relief against Dr. Damene and Dr. Flinn, and Wagner's claims against those Defendants will be dismissed without prejudice.  Before this case may proceed to service of process against Dr. Cunard and Dr. Morgan in their individual capacities, Wagner must first file a new application to proceed in forma pauperis or, alternatively, pay the Court's $405.00 filing and administrative fees.  **Wagner is specifically warned that failure to file a new IFP motion or pay the fees by January 3, 2025, will result in dismissal of this matter without further notice to Wagner**.

IT IS THEREFORE ORDERED that:

1.    For purposes of initial review, Plaintiff has alleged a plausible Eighth Amendment claim against Dr. Cunard and Dr. Morgan in their individual capacities.

2.    Plaintiff's claims against Dr. Flinn and Dr. Damene are dismissed without prejudice for failure to state a claim.  The Clerk of the Court is directed to terminate Dr. Flinn and Dr. Damene as parties to this action.

3.    Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the Court's $405.00 filing and administrative fees by **January 3, 2025**.  **Failure to**

---

[1] If Wagner chooses to pay the filing and administrative fees, he would only be required to pay the remaining balance after deduction of the amounts he has already paid toward the filing fee.

11

**take either action will result in dismissal of this matter without further notice to Plaintiff.**

4. The Clerk of the Court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

5. The Clerk of the Court is directed to set a pro se case management deadline with the following text: **January 3, 2025**: deadline for Plaintiff to file new IFP application or pay filing fee.

6. This case will not progress further until Plaintiff complies with this Memorandum and Order.

Dated this 5th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge