IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON REID WAGNER,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DR. MORGAN, and  DR. CUNARD,<br><br>　　　　　　　Defendants. | 8:23CV361<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff, who advised he is no longer incarcerated, filed a Motion for Leave to Proceed in Forma Pauperis, Filing No. 19, in accordance with the Court's December 5, 2024, Memorandum and Order on initial review, Filing No. 17.  Upon review of Plaintiff's motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis as a non-prisoner.

　　　　Additionally, in accordance with the Court's December 5, 2024, Memorandum and Order, this matter will now proceed to service of process on Plaintiff's Eighth Amendment claim against Defendants Dr. Morgan and Dr. Cunard.  Filing No. 17 at 11.

　　　　IT IS THEREFORE ORDERED that:

　　　　1.　　Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 19, is granted.  Plaintiff is granted leave to proceed in forma pauperis as a non-prisoner.

　　　　2.　　The Clerk of the Court is directed to update the Court's records to reflect that Plaintiff is no longer liable for the remaining balance of the filing fee.

　　　　3.　　For service of process on Defendants Dr. Morgan and Dr. Cunard in their individual capacities, the Clerk of the Court is directed to complete two sets of summons

and USM-285 forms for each Defendant.  The service address for the first set of forms is:

>Office of the Nebraska Attorney General
>2115 State Capitol
>Lincoln, NE 68509.

The service addresses for the second set of forms are as follows:

>Dr. Morgan
>Nebraska Department of Correctional Services
>Omaha Correctional Center
>P.O. Box 11099
>Omaha, NE 68110-2766.
>
>Dr. Cunard
>Nebraska Department of Correctional Services
>Reception and Treatment Center
>P.O. Box 22800
>Lincoln, NE 68542-2800.

4. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 1, the Court's December 5, 2025, Memorandum and Order, Filing No. 17, and this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve Defendants Dr. Morgan and Dr. Cunard in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General."  Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or

omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

6. The Marshals Service shall also serve Defendants Dr. Morgan and Dr. Cunard in their individual capacities by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' addresses shown above. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

9. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. Wright v. First Student, Inc., 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). See, e.g., Beyer v. Pulaski County Jail, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10.   The Clerk of the Court is directed to set a case management deadline in this case with the following text: **March 13, 2025**: service of process to be completed.

11.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

12.   Because Plaintiff is no longer incarcerated and this case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket.  The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 13th day of December, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge