IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON REID WAGNER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DR. MORGAN, and DR. CUNARD,<br><br>　　　　　　Defendants. | 8:23CV361<br><br>ORDER |

　　　　This matter comes before the Court upon review of the docket. On December 13, 2024, following an initial review, Senior United States District Judge Joseph F. Bataillon directed the United States Marshals Service ("USMS") to serve Defendants, Dr. Morgan and Dr. Cunard, in their individual capacities. (Filing No. 20). The Order directed the USMS to serve the defendants in their individual capacities "by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." (Filing No. 20) (citing Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); Federal Rule of Civil Procedure 4(j)(2); and Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02."). The Order further directed the USMS to "serve Defendants Dr. Morgan and Dr. Cunard in their individual capacities by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' addresses shown above." (Filing No. 20 (citing Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribing method for serving an individual)). On March 7, 2025, the USMS returned summons as executed. (Filing Nos. 24-27). Review of each of these forms reflects the USMS utilized "FedEx Express Saver" to serve the defendants.

Rule 4(e) of the Federal Rules of Civil Procedure provides:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under the Nebraska law, "An individual party, other than a person under the age of fourteen years, may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01. Nebraska statute provides that "Designated delivery service"

> shall be made by (i) within ten days of issuance, sending the summons by a designated delivery service to the defendant, (ii) obtaining a signed delivery receipt showing to whom and where delivered and the date of delivery, and (iii) filing with the court proof of service with a copy of the signed delivery receipt attached. As used in this subdivision, a designated delivery service means a delivery service designated as such pursuant to 26 U.S.C. 7502(f) and a signed delivery receipt includes an electronic or facsimile receipt with an image of the recipient's signature.

Neb. Rev. Stat. § 25-505.01.

The designated delivery services referred to in 26 U.S.C. 7502(f) are those approved by the Secretary of the Internal Revenue Service. The current list of approved services can be found at: https://www.irs.gov/filing/private-delivery-services-pds.

Upon review of the docket, the documents returned by the USMS do not comply with the service requirements under Fed. R. Civ. P. 4 or Nebraska statutes. The defendants were not served by personal or residential service. Rather, the summons were sent using FedEx Express Saver. Although a number of FedEx services are approved as "designated delivery services," FedEx

Express Saver is not on the approved designated delivery list. See 26 U.S.C. 7502(f); https://www.irs.gov/filing/private-delivery-services-pds.

Additionally, although the summons were sent with a special handling request noting "Direct Signature Required" none of the documents include an image of the recipients' signatures. Service by FedEx without the recipient's signature is not sufficient to establish proper service under Nebraska law. Moreover, without a signature, it is impossible to know whether the proper person received the packet of documents as ordered by the Court. The requirement for the officers of the court, including the USMS, to "issue and serve all process, and perform all duties" in IFP cases are mandatory. See 28 U.S.C. § 1915(d). The USMS has not properly served the defendants in this case. As such, the Court will direct the USMS to serve the defendants in compliance with federal and Nebraska law, as outlined above. Accordingly,

**IT IS ORDERED**:

1. The United States Marshal Service is ordered to re-serve Defendants Dr. Morgan and Dr. Cunard in their individual capacities as directed in Filing No. 20, and in accordance with this order.

2. For service of process on Defendants Dr. Morgan and Dr. Cunard in their individual capacities, the Clerk of the Court is directed to complete two sets of summons and USM-285 forms for each Defendant. The service address for the first set of forms is:

   Office of the Nebraska Attorney General
   2115 State Capitol
   Lincoln, NE 68509

   The service addresses for the second set of forms are as follows:

   Dr. Morgan
   Nebraska Department of Correctional Services
   Omaha Correctional Center
   P.O. Box 11099
   Omaha, NE 68110-2766.


   Dr. Cunard

>Nebraska Department of Correctional Services
>Reception and Treatment Center
>P.O. Box 22800
>Lincoln, NE 68542-2800.

3. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint (Filing No. 1), the Court's December 5, 2024, Memorandum and Order, (Filing No. 17), the Court's December 13, 2024, Memorandum and Order, (Filing No. 20), and this Order to the United States Marshals Service. The Marshals Service shall serve Defendants Dr. Morgan and Dr. Cunard in their individual capacities by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service. See Fed. R. Civ. P. 4(e) and (j)(2); Neb. Rev. Stat. § 25-505.01; Neb. Rev. Stat. § 25-508.01; Neb. Rev. Stat. § 25-510.02(1); Neb. Rev. Stat. § 25-511.

4. [Federal Rule of Civil Procedure 4(m)](#) requires service of the complaint on a defendant within 90 days of filing the complaint. However, under the circumstances, on the Court's own motion Plaintiff is granted an extension of time to **August 1, 2025**, to complete service of process.

Dated this 5th day of May, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge