IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON REID WAGNER,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MORGAN, and DR. CUNARD,<br><br>Defendants. | 8:23CV361<br><br>ORDER |

      This matter comes before the Court upon review of the "Notice of Non-Service" (Filing No. 36) filed by an interested non-party, the Nebraska Department of Correctional Services ("NDCS").

      At the time Plaintiff filed his Complaint, he was a prisoner under the custody of the NDCS and confined in the Tecumseh State Correctional Institution ("TSCI"). Plaintiff was granted leave to proceed IFP, (Filing No. 7), and after the Court's initial review, the Court concluded Plaintiff's allegations—given their most liberal construction—"are sufficient to allege a colorable claim of deliberate indifference to his medical needs against Dr. Cunard and Dr. Morgan in their individual capacities[.]" (Filing No. 17 at p. 6). The Court's order dated December 13, 2024, directed the United States Marshals Service ("USMS") to serve Defendants, Dr. Morgan and Dr. Cunard, in their individual capacities. (Filing No. 20). After review of the USMS summons returns dated March 7, 2025, the Court found that the USMS's utilization of FedEx Express Saver did not comply with the service requirements under [Fed. R. Civ. P. 4](#) or Nebraska statutes, and on May 5, 2025, ordered the USMS to re-serve Dr. Cunard and Dr. Morgan. (Filing No. 30).

      On May 12, 2025, the USMS filed new Returns of Service for Dr. Cunard and Dr. Morgan pursuant to the Court's May 5, 2025, Order. (Filing Nos. 32-35). The summons return for Dr. Cunard states it was delivered at 3218 West Van Dorn St., Lincoln, NE, on May 7, 2025, (Filing 32 at 3-4), and the summons return for Dr. Morgan states it was delivered at 2323 Avenue J, Omaha, NE on May 7, 2025. However, according to the NDCS Notice and accompanying Declaration filed with this Court on May 28, 2025, neither defendant is currently employed by NDCS, and neither individual signed for or received these deliveries. (Filing No. 36 at pp. 1-2;

Filing No. 36-1). According to the declaration, Dr. Cunard has not been employed by NDCS since December 17, 2024. Additionally, the NDCS represents it has been unable to locate any physician with the last name "Morgan" who works at or has worked at any NDCS facility in recent years. (Filing No. 36 at p. 2; Filing No. 36-1). Therefore, the summons and complaint were not delivered to either defendant.

As a litigant proceeding in forma pauperis in this case, Plaintiff is entitled to have service of process performed by the USMS. See *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). The USMS cannot initiate service upon unknown defendants. But, when a defendant is a former employee of the prison, it is unreasonable to expect the plaintiff to provide the defendant's current address. See *Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798 (8th Cir. 2014). In such instances, the marshals must obtain the addresses. In the particular circumstances of this case, the Court will direct the USMS to obtain whatever information might be found for defendant Dr. Cunard, and re-serve process on him after obtaining such information. The NDCS has indicated Dr. Cunard was last employed in December 2024, and may be able to provide more recent or current contact information for service upon him.

However, the NDCS has no record of any physician named "Morgan" as an employee in its records. The USMS cannot initiate service upon unknown defendants, and Plaintiff has not provided any additional identifying information for "Dr. Morgan." Therefore, the court will give Plaintiff 30 days in which to take reasonable steps to identify the individual identified as "Dr. Morgan" and notify the court of additional identifying information, after which the court will determine whether such information is sufficient to initiate service of process. If Plaintiff is unable to provide additional information to ascertain Dr. Morgan's identity or correct name, then he must inform the court of such. Failure to take any action will result in dismissal of "Dr. Morgan" without prejudice and without further notice. Accordingly,

**IT IS ORDERED**:

1. The clerk's office shall obtain a current or last-known address for defendant Dr. Cunard from the United States Marshal Service. The clerk's office shall complete summons and USM-285 forms using the address provided and forward the completed forms to the

United States Marshal Service. The clerk's office shall file under seal the summons forms containing Dr. Cunard's personal address.

2. The United States Marshal Service is ordered to obtain whatever address information might be found for defendant Dr. Cunard and provide the information to the clerk's office as set forth above. The Marshal Service shall then re-serve process on Dr. Cunard in accordance with the Court's prior orders after obtaining such information and the completed summons forms.

3. On or before **July 14, 2025**, Plaintiff shall take reasonable steps to identify the individual he identified as "Dr. Morgan" and notify the court of additional identifying information, after which the court will determine whether such information is sufficient to initiate service of process. If Plaintiff is unable to provide additional information to ascertain Dr. Morgan's identity or correct name, then he must inform the court of such. Failure to take any action will result in dismissal of "Dr. Morgan" without prejudice and without further notice.

Dated this 13th day of June, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge