IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRANDON REID WAGNER,

Plaintiff,

vs.

DR. MORGAN, and DR. CUNARD,

Defendants.

8:23CV361

ORDER

This matter comes before the Court on the motion (Filing No. 38) filed by the pro se Plaintiff, Brandon Reid Wagner, asking that the Court appoint an attorney to represent him.

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, pursuant to 28 U.S.C. § 1915(e), a court "may request an attorney to represent any person unable to afford counsel." *Id.*; s*ee also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)). In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

At this stage in the proceedings, the Court does not deem it necessary to appoint counsel for Plaintiff. The process to identify and serve the individual defendants is ongoing. As such, the defendants have not even yet filed responsive pleadings, and the case has not proceeded to discovery. The issues presented in Plaintiff's complaint are not particularly complex, although the Court recognizes that could change as the case progresses. The only current outstanding deadline for Plaintiff is the July 14, 2025, deadline to notify the Court of additional identifying information regarding "Dr. Morgan." Plaintiff states he has "proof" that Dr. Morgan was a doctor for the DCC evidenced in his "Interview Request forms" and "medical records with his signature on them[.]" (Filing No. 38). Plaintiff has not provided the Court with those records, but may consider

providing such records, along with any other evidence from which the Court can ascertain the identify of "Dr. Morgan" to compete service of process upon him, by July 14. But at this time and under the circumstances, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion as the case progresses. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel (Filing No. 38) is denied, without prejudice.

Dated this 23rd day of June, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge