IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRANDON REID WAGNER,<br><br>                Plaintiff,<br><br>vs.<br><br>DOUGLAS MORIN, M.D., and ROBERT CUNARD, M.D.,<br><br>                Defendants. | 8:23CV361<br><br>ORDER |

      This matter comes before the Court upon review of the "Notice of Non-Service" (Filing No. 53) filed by an interested non-party, the Nebraska Department of Correctional Services ("NDCS").

      The Court's outline of its efforts to identify and serve both individual defendants has been detailed in prior orders, see Filing Nos. 20, 30, 37, 46. Relevant to Defendant Douglas Morin, M.D., on July 8, 2025, the Court ordered the United States Marshals Service to serve Dr. Morin in his individual capacity at the NDCS. (Filing No. 46). On July 22 and 25, 2025, the USMS filed Returns of Service for Dr. Morin. (Filing No. 48; Filing No. 49). However, according to the NDCS's Notice and accompanying Declaration filed with this Court, Dr. Morin has not been employed by NDCS since April 11, 2022, and therefore he did not sign for or receive delivery of summons. (Filing No. 53). Therefore, Dr. Morin has not received summons and the complaint.

      As a litigant proceeding in forma pauperis in this case, Plaintiff is entitled to have service of process performed by the USMS. See *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). When a defendant is a former employee of the prison, it is unreasonable to expect the plaintiff to provide the defendant's current address. See *Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798 (8th Cir. 2014). In such instances, the marshals must obtain the addresses. In the particular circumstances of this case, the Court will direct the USMS to obtain whatever information might be found for defendant Dr.

Morin, and re-serve process upon him after obtaining such information. The NDCS has indicated Dr. Morin was last employed on April 11, 2022, and may be able to provide more recent or current contact information for service upon him. Accordingly,

**IT IS ORDERED**:

1. The clerk's office shall obtain a current or last-known address for defendant Dr. Douglas Morin from the United States Marshal Service. The clerk's office shall complete summons and USM-285 forms using the address provided and forward the completed forms to the United States Marshal Service. The clerk's office shall file under seal the summons forms containing Dr. Douglas Morin's personal address.
2. The United States Marshal Service is ordered to obtain whatever address information might be found for defendant Dr. Douglas Morin and provide the information to the clerk's office as set forth above. The Marshal Service shall then re-serve process on Dr. Douglas Morin in accordance with the Court's prior orders after obtaining such information and the completed summons forms.
3. On the Court's own motion pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is granted an extension of time to **November 7, 2025**, to complete service of process.

Dated this 9th day of September, 2025.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge